UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.    1:20-cr-00304-JPH-TAB |
| | ) | |
| DANIEL GARRETT, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On March 24, 2026, the Court held a hearing on the Petition for Warrant or Summons for

Offender Under Supervision filed on November 7, 2025.  Defendant Garrett appeared in person

with his appointed FCD counsel Gwendolyn Beitz.  The government appeared by MaryAnn

Mindrum, Assistant United States Attorney.  U.S. Parole and Probation appeared by Officer

James Thomas.

The Court conducted the following procedures in accordance with Fed. R. Crim. P.

32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Garrett of his rights and ensured he had a copy of

the Petition.  Defendant Garrett orally waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Garrett admitted Violation Nos. 1

through 4 as set forth in the Petition.  [Dkt. 42.]

3.      The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**<br><br>As previously reported to the Court, on July 18, 2025, Mr. Garrett submitted a urinalysis sample that tested positive for cannabinoids. He admitted marijuana use. Then, on August 25, 2025, Mr. Garrett submitted a urinalysis sample that tested positive for cannabinoids, cocaine, and fentanyl. The result was forwarded for confirmation testing, per Mr. Garrett's request, and the result confirmed positive for THC metabolite, benzoylecgonine, and norfentanyl. |
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**<br><br>On July 24, 2025, Mr. Garrett was referred to participate in biweekly, individual substance abuse treatment at Cornerstone Support Services; however, in response to Mr. Garrett's submission of two positive urinalysis samples, his treatment frequency was increased to weekly sessions, beginning September 14, 2025. To date, Mr. Garrett has only attended two treatment sessions with the last session being held on September 11, 2025. |
| 3 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."**<br><br>In October 2025, three unannounced home contacts were attempted at Mr. Garrett's reported residence. On October 15, 2025 and October 23, 2025, contact was made with Mr. Garrett's father who advised he had not seen the offender in several weeks, and he and Mr. Garrett's mother were moving on November 4, 2025. All attempts to contact Mr. Garrett via telephone to verify his whereabouts were unsuccessful. |

As of the writing of this petition, Mr. Garrett's whereabouts are unknown. He was last seen at his reported residence on September 5, 2025.

4    **"You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."**

Mr. Garrett was employed at the Goodwill Outlet Store from August 25, 2025 to October 3, 2025; however, Mr. Garrett was terminated for "job abandonment" after failing to return to work after October 2, 2025.

4.    The Court finds that:

(a)    The highest grade of violation is a Grade B Violation.

(b)    Defendant's criminal history category is VI.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months imprisonment.

5.    The government recommended a sentence of 21 months imprisonment followed by 12 months of supervised release.  Defendant recommended a sentence of 250 days (8 months and 7 days) imprisonment followed by a period of supervised release.  Defendant further requested placement at FCI Beckley in Beaver, West Virginia.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of **9 months incarceration with 27 months (2 years and 3 months) of supervised release to follow**.  The Magistrate Judge further recommends Defendant's placement at FCI Beckley in Beaver, West Virginia, if such is determined to be an appropriate facility.

The Defendant was taken into custody immediately pending the District Judge's action on this Report and Recommendation.

3

In addition to the mandatory conditions of supervision, the following conditions of supervised release should be imposed upon the reimposition of supervised release:

1. You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: Conditions 1-11 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

12. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

13. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

14. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

15. You shall not use or possess alcohol.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

Justification: Conditions 12-16 are recommended to promote compliance with a drug and alcohol-free lifestyle and address the offender's mental health history.

17. You shall be monitored by GPS Monitoring for a period of 120 days, to commence as soon as practical, and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer.

18. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: location monitoring. The probation officer shall determine your ability to pay and any schedule of payment.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law

enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: Conditions 17-19 will assist the probation officer in monitoring the offender for the protection of the community.

Defendant reviewed the above noted conditions with his attorney.  Defendant waived reading of the above conditions on the record.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  24 MAR 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

6